**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NUVASIVE, INC. ) | |
| ) | |
| Plaintiff, ) | No. 1:19-CV-10800 |
| ) | |
| vs. ) | |
| ) | |
| TIMOTHY DAY ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

COMES NOW, Timothy Day, Defendant in the above-styled action and files his Response to Plaintiff's Motion for Sanctions for Spoliation of Evidence and shows this Court as follows:

I.  FACTUAL BACKGROUND

NuVasive filed its Complaint on or about April 22, 2019 asserting claims against Defendant Timothy Day ("Day" or "Defendant") for tortious interference of a sales agreement, breach of contract, and injunctive relief. (*See gen.* Doc. 1, Complaint; Doc. 80, Amended Complaint) NuVasive's breach of contract claim encompasses its allegation that Day induced Adam Richard and Colin Behrmann to leave NuVasive. *Id.* at ¶ 42. NuVasive now moves this Court for sanctions arising from allegedly spoliated text messages related to Defendant's upgrade of his personal cell phone. (*See. Gen.* Doc. 126.) Defendant Day testified that he upgraded his phone in April 2019 and that text messages from his previous cell phone were no longer accessible on the upgraded phone. (See. Doc. 126-6.) Mr. Day conceded that he is not a technical person, but that Apple store employees who helped him set up the new phone were instructed to maintain all previous settings. *Id.* Only a few months later, Day discovered that the text message setting on the new phone was set to "auto delete.". *Id.* As a result of this setting, approximately three months'

1

worth of text messages may have been automatically deleted. During Day's deposition, however, NuVasive failed to question Day regarding his text messages during that limited timeframe. (*See gen.* Doc. 126-6).

Day has fully complied with all of NuVasive's discovery requests during the course of this litigation and has produced more than eight gigs of data, including personal emails, text messages, Rival Medical emails, and emails from his current employer. The unintentional loss of these text messages does not rise to the level of sanctionable conduct and NuVasive has failed to pursue the text messages from other available sources.

II.     LEGAL STANDARD

Fed. R. Civ. P. 37(e) ("Rule 37") governs the analysis this Court must undertake before imposing sanctions on a party for the failure to preserve electronically stored information ("ESI"). The rule provides that

> "[i]f [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment."

Only when the answers to these questions are yes, may the court then proceed to evaluating the appropriateness of sanctions under Rule 37(e)(1) (if there is a finding of prejudice) or (e)(2) (if there is a finding of intent to deprive). As to a finding of prejudice, the advisory committee notes to Rule 37(e) articulate that the burden is not on any particular party, but rather the court has the discretion to determine how to assess prejudice in particular cases, including to consider where the abundance of preserved information may appear sufficient to meet the needs of all parties. Rule 37(e) Notes of Advisory Committee on 2015 Amendments.

2

The sanctions under R. 37(e) arise only where the party in possession of the lost ESI failed to take reasonable steps to preserve the information and that the information could not have been restored or replaced through additional discovery. *Wai Feng Trading Co. v. Quick Fitting, Inc.,* 2019 U.S. Dist. LEXIS 4113, *18, (D. R.I., January 7, 2019). Proof that the lost ESI was important or material to a significant issue is upon the movant. *Id.* at *20. In evaluating the 'reasonable steps', "courts must be mindful that perfection in preserving all relevant electronically stored information is often impossible, as well as that this factor requires consideration of the litigation sophistication of the party in possession of the ESI and the proportionality to the litigation of costly and aggressive preservation efforts." *Id.,* at *18. (Internal citations omitted.) After the court determines that a party failed to reasonable steps to preserve, the court must then determine if the loss of the ESI caused prejudice or if the party acted with intent to deprive. *Id.,* at *20 citing to Fed. R. Civ. P. 37(3)(1-2). A party must first prove that the allegedly destroyed documents existed in the first place before they can show prejudice from their loss. *See Hefter Impact Techs.,* 2017 U.S. Dist. LEXIS 122122, at * 7 (D. Mass. August 3, 2017). Similarly, the movant's failure to depose witness who could have testified regarding the content of the lost ESI or how it was material to the claim belies a finding of prejudice. *Quick Fitting, Inc.* at *20.

The remedy of an adverse inference that the lost information was unfavorable requires a finding of intentional spoliation. *Fed. R. Civ. P. 37(e).* Meaning that the court must find that the party acted with the intent to deprive another party of the information's use in the litigation. *Quick Fitting, Inc.,* at *23 citing to *Fed. R. Civ. P. 37(e).* This intent to deprive can be shown by evidence that the ESI actually existed, as to a material fact issue that is pivotal to the outcome of the case and that the party took affirmative action to cause the loss knowing its duty to preserve and the loss cannot be credibly explained as far as deviation from established protocols. *Quick Fitting,*

*Inc.,* at *23. Furthermore, the remedy of an adverse inference is appropriate only where the evidence permits a finding of bath faith in the destruction of evidence. *Hefter Impact Techs., LLC* at *22.

### III. ARGUMENTS

    a. <u>NuVasive cannot show that it has been prejudiced by the destruction of any one particular text message regarding a material issue to its case.</u>

NuVasive contends that Mr. Day intentionally destroyed text messages from his cellphone and as such it is entitled to an adverse inference jury instruction. In support of its spoliation argument, NuVasive cites Mr. Day's upgrade of his personal cell phone and failure to realize the automatic delete setting was activated. (Doc. 126-6; Doc. 90-1.) However, Mr. Day did not alter any routine practice in order to hide evidence nor did he take intentional steps to destroy text message content after being put on notice. Instead, Mr. Day upgraded his personal cell phone as a matter of routine practice and relied upon the Apple salespeople to assist with text messages settings. There is **no** testimony that Day knowingly made changes to his cell phone settings after being put on notice of this litigation or that he took any steps to destroy his text messages.[1] As discussed *supra,* in determining the reasonable steps required of a party, the court must take into account the sophistication of the party in possession of the ESI. *Quick Fitting, Inc.* at *18. While Mr. Day's failure to investigate what settings were activated on his cell phone may look careless in hindsight, this by no means rises to the level of intentional destruction of evidence required in a spoliation analysis.[2]

---

[1] The Declaration of Hansel "RIP" C. Clayton does not add any clarity to the instant motion since he has no personal knowledge (or evidence that he relied on) as to when Mr. Day's original phone settings were changed from any original factory settings.
[2] NuVasive's citations to cases in Minnesota, North Carolina, Virginia, California, and/or the 8th Circuit are not binding upon this Court

NuVasive has not shown that the missing ESI was important or material to a significant issue in the case nor has it shown that it is prejudiced as a result of the loss of Mr. Day's text messages. As a preliminary factor, NuVasive must show that the text messages existed wherein he (i) solicited Adam Richard; (ii) solicited Colin Behrmann; or (iii) solicited a former NuVasive Client. (See. Gen. Doc. 1 and Doc. 80.) In the instant case, NuVasive had the opportunity to conduct extensive discovery to explore the content of communications between Mr. Day and other individuals during that limited timeframe but chose not to subpoena, depose or otherwise retrieve this information from the other parties on the text message exchanges. NuVasive has already deposed Colin Behrman in this case, and Adam Richard in related litigation. Their depositions did not result in the identification of any text messages with Mr. Day regarding the potential change in employment. Notably, NuVasive has not deposed any of the surgeons it contends Mr. Day solicited. Moreover, Mr. Day has produced nearly eight gigs of data including emails from his personal account, emails from his Rival Medical account, emails from his current employer account, and text messages thus indicating his continued cooperation and participation in the discovery process. As discussed *supra,* a party must first prove that the allegedly destroyed documents existed in the first place before they can show prejudice from their loss. *See Hefter Impact Techs.,* 2017 U.S. Dist. LEXIS 122122, at * 7 (D. Mass. August 3, 2017). Here, NuVasive's failure to depose the witness who could have testified regarding the content of the lost ESI or how it was material to the claim precludes a finding of prejudice. *See Quick Fitting, Inc.* at *20. Accordingly, NuVasive has failed to meet the prejudice requirement under Rule 37(e)(1).

    b. <u>NuVasive cannot show that Mr. Day acted with the intent to deprive NuVasive of evidence in this litigation.</u>

Likewise, NuVasive has failed to show that Mr. Day acted with the intent to deprive as required by Rule 37(e)(2). The intent to deprive requirement can be met by a showing that particular ESI existed as to a material fact that is pivotal to the outcome of the case and that Mr. Day took some affirmative action to cause its loss. *See gen. Quick Fitting, Inc.,* at *23. Again, as outline *supra,* the depositions of Mr. Behrman and Mr. Richard did not result in the identification of any text messages with Mr. Day regarding their potential move from Alphatec. Thus, the evidence already establishes that this particular subset of ESI did not exist in the first place. Similarly, NuVasive has not deposed any of the allegedly solicited surgeons to determine if Mr. Day ever solicited them via text message. Most importantly, however, Day's testimony does not show that he took affirmative steps to destroy his text messages. Mr. Day merely upgraded his personal cellphone and relied on an Apple store employee to maintain all the same settings of his previous phone. There is no testimony that he affirmatively turned on the auto-delete setting in anticipation of litigation. Instead, he simply moved to a new phone. This fact pattern falls far short of the intent to deprive requirement of R. 37(e)(2).

      c. <u>The balance of the alleged prejudice to Nuvasive versus Mr. Day's non-intentional conduct weigh against awarding an adverse inference sanction.</u>

Lastly, the court must weigh the amount of prejudice to the moving party and the degree of fault of the allegedly spoliating party. *Talavera v. Ford Motor Co.,* 932 F. Supp. 252, 256 (D. P.R. 2013). The court should also consider whether other evidence is available to resolve the issues that the allegedly destroyed evidence would have clarified. *Id.* at 257. Any sanctions must then be no greater than necessary to cure the prejudice. *Hefter Impact Techs.,* at * 6, n.3. Here, NuVasive's request that the court instruct the jury that Mr. Day failed to preserve relevant text messages and that they should presume that they were unfavorable is not proportional to the facts in evidence.

Mr. Day did not affirmatively act with intent to deprive NuVasive of evidence. Mr. Day has produced numerous text messages and emails on the subject. NuVasive had an opportunity to depose the individuals who could testify as to the text messages as well as Mr. Day's solicitation of NuVasive employees or NuVasive clients. Simply put, NuVasive cannot attempt to improve its case by arguing that missing evidence regarding ultimate factual disputes automatically entitles it to an adverse inference jury instruction.

Furthermore, the curative instruction language proposed by NuVasive does not match the facts of this situation.  There is no evidence that the relevant text messages were unfavorable to Mr. Day's case or supported any of NuVasive's theories of liability and recovery.  In fact, NuVasive presented no evidence whatsoever concerning the content of any of the relevant text messages and its proposed jury instruction does not specifically conform to the actual lost evidence as required by Rule 37.

## **CONCLUSION**

For the reasons set forth above, Defendant asks that Plaintiff's Motion for Sanctions be denied in its entirety.

Dated this May 8, 2020.

                                      Respectfully submitted,

                                      TIMOTHY DAY
                                      *By his attorneys,*

                                      */s/ Steven D. Weatherhead*
                                      Steven D. Weatherhead, BBO # 637601
                                      Marathas Barrow Weatherhead Lent LLP
                                      One Financial Center, 15th Floor
                                      Boston, Massachusetts 02111
                                      (617) 830-5458
                                      sweatherhead@marbarlaw.com

*/s/ Bryan E. Busch*
Bryan E. Busch, *Admitted Pro Hac Vice*
Busch Slipakoff Mills & Slomka, LLC
3350 Riverwood Parkway, S.E., Suite 2100
Atlanta, Georgia 30339
Phone: 404-800-4062
bb@bsms.law

## **CERTIFICATE OF SERVICE**

  I, Bryan E. Busch, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 8, 2020.

                */s/  Bryan E. Busch*