## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**NUVASIVE, INC.,**
**Plaintiff,**

**v.**
**TIMOTHY DAY,**
**Defendant.**

**Civil Action No. 1:19-cv-10800-DJC**

### DEFENDANT TIMOTHY DAY'S MOTION TO COMPEL

COMES NOW, Timothy Day, Defendant in the above-styled action and files Timothy Day's Motion to Compel Depositions and shows this Court as follows:

1. Plaintiff filed its Complaint on April 22, 2019 asserting claims for breach of contract, tortious interference with sales agreement, and seeking injunctive relief. (Doc. 1 and Doc. 80.)

2. Following the initial joint discovery conference, discovery was set to expire on December 31, 2019. (Doc. 43.)

3. On December 16, 2019, the parties filed a joint motion to extend discovery (Doc. 88) and on December 20, 2019, this Court granted said request and extended discovery through March 30, 2020. (Doc. 91.)

4. On March 20, 2020, the parties filed a joint motion to extend discovery and all deadlines given the impact of the national health crisis created by Covid-19. (Doc. 112). On March 23, 2020, this Court denied the request without prejudice and continued the discovery deadline through April 23, 2020. (Doc. 113.)

5.  On April 22, 2020, the parties filed an updated joint motion to extend discovery outlining the remaining discovery and accommodations undertaken in light of the national health crisis. (Doc. 121.)

6.  On April 24, 2020, this Court extended the discovery deadline and extended the discovery deadline to July 23, 2020. (Doc. 123.)

7.  The parties were able to conduct most of the desired discovery. However, despite Defendant's best efforts, Defendant has not been able to conduct the depositions of: (1) Jeff Sullivan; (2) John English; and (3) Rule 30(b)(6) deposition of NuVasive, Inc.'s representative.

8.  Jeff Sullivan's deposition was first set for November 22, 2019 but was reset by agreement of counsel. *See* Deposition Notice and related correspondence attached hereto as Exhibit "1".

9.  After repeated requests for deposition dates by counsel for Defendant, Jeff Sullivan's deposition was rescheduled for March 17, 2020. *See* Deposition Notice and related correspondence attached hereto as Exhibit "2".

10. The March 17, 2020 deposition of Jeff Sullivan was cancelled, and despite repeated requests, counsel for NuVasive, Inc. did not provide any optional dates for resetting it.

11. Similarly, despite numerous emails requesting dates for the deposition of John English, he was not made available until June 25, 2020. *See* Deposition Notice and related correspondence attached hereto as Exhibit "3". This deposition did not go forward.

12. Likewise, after repeated requests for dates, the Rule 30(b)(6) deposition of NuVasive, Inc.'s representative was set for June 25, 2020. *See* Deposition Notice and related

correspondence attached hereto as <u>Exhibit "4"</u>. Counsel for Plaintiff objected to the deposition topics and did not consent to alternate dates.

13. Despite repeated requests for alternate deposition dates for Jeff Sullivan, John English, and Plaintiff's Rule 30(b)(6) representative, Plaintiff refused unless Defendant was made available for a second individual deposition that had never been previously discussed or noticed.

14. Defendant served deposition notices for Jeff Sullivan, John English, and Plaintiff's Rule 30(b)(6) representative for July 29, 2020. *See* Deposition Notices attached hereto as <u>Exhibit "5"</u>. These depositions did not go forward.

15. Counsel for Defendant made a good faith effort to resolve this discovery dispute with counsel for Plaintiff, however, the parties are at an impasse. *See* Correspondence attached hereto as <u>Exhibit "6"</u>.

WHEREFORE, Defendant respectfully requests that this Court issue an order compelling Plaintiff to make Jeff Sullivan, John English, and Plaintiff's Rule 30(b)(6) representatives available for depositions within thirty days of this Court's order.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2) AND 37.1</u>

Pursuant to Local Rules 7.1(a)(2) and 37.1, undersigned certifies that they have conferred in good faith with counsel for Plaintiff regarding the issues presented herein and that those efforts were unsuccessful.

Dated this August 28, 2020.

Respectfully submitted,
TIMOTHY DAY
*By his attorneys,*

*/s/ Steven D. Weatherhead*
Steven D. Weatherhead, BBO # 637601
Marathas Barrow Weatherhead Lent LLP
One Financial Center, 15th Floor
Boston, Massachusetts 02111
(617) 830-5458
sweatherhead@marbarlaw.com


*/s/ Bryan E. Busch*
Bryan E. Busch, *Admitted Pro Hac Vice*
Busch Slipakoff Mills & Slomka, LLC
2859 Paces Ferry Road SE, Suite 1700
Atlanta, Georgia 30339
Phone: 404-800-4062
bb@bsms.law

## **CERTIFICATE OF SERVICE**

I, Bryan E. Busch, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 28, 2020.

*/s/  Bryan E. Busch*