# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NUVASIVE, INC.** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    No. 1:19-cv-10800-DJC |
| | ) |
| **TIMOTHY DAY** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## NUVASIVE, INC.'S SECOND RENEWED MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT

Through its counsel of record, and pursuant to the Court's February 19, 2021, Order (ECF 187), Plaintiff, NuVasive, Inc. ("NuVasive") files its Second Renewed Motion to Hold Defendant in Contempt of Court, and states:

On August 26, 2019, NuVasive filed a motion and memorandum (ECF 60) which sought to hold Defendant in contempt of Court, for violating the Court's May 29, 2019, Memorandum and Order ("Order"), which preliminarily enjoined Defendant from soliciting his former Massachusetts and Rhode Island-based customers. (ECF 31). More specifically, NuVasive alleged that Defendant solicited Dr. Paul Glazer during a July 15, 2019, meeting at Beth Israel Deaconess Medical Center ("BIDMC"). (ECF 60, p. 1; ECF 61, pp. 1, 5-6). On October 10, 2019, the Court entered its Electronic Order denying NuVasive's motion without prejudice, holding that:

> Although, based upon the pre-existing professional relationship and their course of conduct therein, it might perhaps, at first blush, [be] a reasonable inference that [Defendant] was at BIDMC to meet Dr. Glazer in a professional capacity, particularly where [Defendant]'s presence at BIDMC that day apparently was not for a medical appointment. It is, however, a less reasonable inference in light of the unrefuted evidence from Dr. Glazer about the substance of his discussion with [Defendant].

(ECF 81, pp. 1-2).

Following the Court's denial of NuVasive's motion without prejudice, NuVasive discovered additional information and documents that prove he violated the Court's Order and gave false testimony about those violations. These materials show that Defendant violated the Order by: (i) travelling to Alphatec Spine, Inc.'s ("Alphatec") headquarters with Dr. Glazer; (ii) attending an Alphatec board of directors meeting with Dr. Glazer in California during which Defendant gave a presentation on the New England market for spinal products; (iii) traveling to Napa, California, with Dr. Glazer, Alphatec's Chief Executive Officer, Pat Miles, their respective wives, and Dr. Glazer's stepdaughter (at least partially on Alphatec's dime); (iv) attending a business dinner with Dr. Glazer, Miles, and Alphatec sales representative Adam Richard in June 2019; (v) traveling to and attending a college football game in Columbus, Ohio with Dr. Glazer, Milers, and their respective wives (at least partially on Alphatec's dime), and (vi) engaging in soliciting activities to another Boston-area spine surgeon throughout Fall 2019. Not only did Defendant conduct these activities in violation of the Court's Order, he failed to disclose them in his deposition and written interrogatories.

Accordingly, NuVasive renewed its request to hold Defendant in contempt by filing its renewed motion with supporting memorandum on July 17, 2020. (ECF 142; ECF 143). Defendant filed his response to the renewed motion on July 31, 2020. (ECF 150). NuVasive filed a reply to that response on September 3, 2020, and it supplemented that reply on November 4, 2020. (ECF 170; ECF 181).

On February 19, 2021, the Court entered its Electronic Order denying NuVasive's renewed motion "without prejudice to renew in conjunction with any evidentiary hearing that [the] parties seek on [NuVasive's] breach of contract claim." (ECF 187). The Court has now set a Status Conference on July 28, 2021, for the purposes of, among others, setting a date certain for that

evidentiary hearing. (ECF 189). NuVasive now renews its motion again to be heard in conjunction with the to-be-set evidentiary hearing for damages on its breach of contract claim against Defendant. Defendant's blatant violations of the Order and attempts to shield those violations from discovery by giving false testimony warrant the most severe sanctions available to this Court. Accordingly, NuVasive respectfully requests that this Court:

- grant this second renewed motion;

- hold Defendant in civil contempt;

- extend Defendant's non-solicitation obligations for one year;

- award NuVasive the reasonable costs (including attorneys' fees) it incurred in prosecuting this motion; and

- award NuVasive any other further and general relief it deems just and proper.

### **CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

Undersigned counsel certifies that the parties have conferred regarding the narrow issues presented herein and that counsel for Timothy Day does not assent to this Motion.

### **REQUEST FOR HEARING**

Pursuant to L.R. 7.1(d), NuVasive hereby requests an evidentiary hearing and oral argument on the issues presented in this Motion. Specifically, NuVasive requests that the evidentiary hearing and oral argument on this Motion to be conducted contemporaneously with the evidentiary hearing to be set at the July 28, 2021, Status Conference.

Respectfully submitted,

**NUVASIVE, INC.**

By its attorneys,

/s/ *Christopher W. Cardwell*
Holly M. Polglase (BBO #553271)
hpolglase@hermesnetburn.com
Michael S. Batson (BBO #648151)
mbatson@hermesnetburn.com
Michael C. Kinton (BBO #683875)
mkinton@hermesnetburn.com
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
Tel: (617) 728-0050
Fax: (617) 728-0052

Christopher W. Cardwell, Esq. (*pro hac vice*)
Mary Taylor Gallagher, Esq. (*pro hac vice*)
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff, NuVasive, Inc*

**CERTIFICATE OF SERVICE**

      Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on April 5, 2021.

                                             */s/ Christopher W. Cardwell*_____
                                             Christopher W. Cardwell