# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NUVASIVE, INC.** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   No. 1:19-cv-10800-DJC |
| | ) |
| **TIMOTHY DAY** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## NUVASIVE, INC.'S RENEWED MOTION FOR SANCTIONS
## FOR SPOLIATION OF EVIDENCE

Through its counsel of record, and pursuant to the Court's February 12, 2021, Order (ECF 184), Plaintiff, NuVasive, Inc. ("NuVasive") files its Renewed Motion for Sanctions for Spoliation of Evidence, and states:

On April 24, 2020, NuVasive filed its Motion (ECF 125) and Memorandum of Law for Sanctions for Spoliation of Evidence (ECF 126) seeking to impose sanctions on Defendant for the destruction of relevant text message evidence by: (i) replacing his iPhone two days after NuVasive instituted this litigation against him (and twenty-three (23) days after being place on notice of his obligations to preserve relevant evidence); and (ii) intentionally setting his new iPhone to automatically delete text messages after thirty (30) days. Defendant's intentional spoliation prejudiced NuVasive as these actions deprived it of highly relevant communications occurring during the time period most relevant to this dispute.

On June 1, 2020, Magistrate Judge M. Page Kelley heard argument on NuVasive's Motion for Sanctions, after which she took the matter under advisement. (ECF 134). Subsequent to the June 1, 2020, hearing NuVasive subpoenaed materials from Dr. Paul Glazer in an attempt to, at least in part, remedy Defendant's intentional spoliation. Counsel for Defendant, who also

represents Dr. Glazer, informed NuVasive on June 29, 2020, that he also had no responsive text messages in his possession due to the activation of the thirty (30) day automatic deletion function on his cell phone. NuVasive apprised the Court of these developments in its Supplemental Memorandum filed on July 16, 2020. (ECF 141).

On February 12, 2021, the Court entered its Electronic Order denying NuVasive's Motion for Sanctions "without prejudice to renewal after the decision on the outstanding summary judgment motions is issued." (ECF 184). The Court issued its Memorandum and Order resolving those motions for summary judgment on February 18, 2021. (ECF 185). That same day the Court directed the parties to meet and confer regarding NuVasive's potential damages, and, in the event they were unable to reach a resolution, directed the parties to propose a date for an evidentiary hearing on that issue. (ECF 186). The Court has now set a Status Conference on July 28, 2021, for the purposes of, among others, setting a date certain for that evidentiary hearing. (ECF 189). As such, NuVasive now renews its Motion for Sanctions. Accordingly, NuVasive respectfully requests that this Court:

- grant this Renewed Motion for Sanctions for Spoliation of Evidence;

- impose sanctions against Defendant for his spoliation of evidence pursuant to Federal Rule of Civil Procedure 37(e) including, without limitation, by imposing an adverse inference on Defendant presuming that those spoliated communications were unfavorable to him and would support NuVasive's claim for damages;

- award NuVasive the reasonable costs and expenses, including reasonable attorney's fees, it incurred in securing this relief; and

- award NuVasive any other further and general relief it deems just and proper.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

Undersigned counsel certifies that the parties have conferred regarding the narrow issues presented herein and that counsel for Timothy Day does not assent to this Motion.

**REQUEST FOR HEARING**

Pursuant to L.R. 7.1(d), NuVasive hereby requests an evidentiary hearing and/or oral argument – at the Court's election – on the issues presented in this Motion.

Respectfully submitted,

**NUVASIVE, INC.**

By its attorneys,


/s/ *M. Thomas McFarland*
Holly M. Polglase (BBO #553271)
hpolglase@hermesnetburn.com
Michael S. Batson (BBO #648151)
mbatson@hermesnetburn.com
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
Tel: (617) 728-0050
Fax: (617) 728-0052

Christopher W. Cardwell, Esq. (*pro hac vice*)
Mary Taylor Gallagher *(pro hac vice)*
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff, NuVasive, Inc.*

**CERTIFICATE OF SERVICE**

      Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on April 20, 2021.

      /s/ *M. Thomas McFarland*
      M. Thomas McFarland