**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NUVASIVE, INC.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | No. 1:19-cv-10800-DJC |
| ) | |
| **TIMOTHY DAY** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

**NUVASIVE, INC.'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR WRIT OF EXECUTION**

NuVasive, Inc. ("NuVasive"), by and through its counsel of record, and pursuant to the July 29, 2022, Order entered by the Court (D.E. 262), states as follows for its Reply to Defendant, Timothy Day's ("Defendant") Response to NuVasive, Inc.'s Motion for Writ of Execution (D.E. 261):

1. On July 13, 2022, NuVasive filed its Motion for Writ of Execution (the "Motion") seeking the writ regarding the Court's April 15, 2022, Judgment in favor of NuVasive in the amount of $1,602,123.00, plus attorneys' fees in the amount of $127,214.50 and costs in the amount of $2,103.85. (D.E. 260).

2. Defendant neither paid the Judgment nor sought a stay thereof pursuant to Federal Rule of Civil Procedure 62. Instead, on July 27, 2022, Defendant responded to the Motion arguing that the Court should stay execution pursuant to Federal Rule of Civil Procedure 62(b), or, alternatively, that execution was automatically stayed pursuant to Federal Rule of Civil Procedure 62(f) upon taking of an appeal from the Judgment. Defendant's latter argument is meritless, and he is only entitled to relief pursuant to the former if he posts the necessary bond or other security.

3. Defendant's response misconstrues Federal Rule of Civil Procedure 62(f)—which provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give"—by asserting that his taking of an appeal entitles him to an automatic stay pursuant to Massachusetts Rule of Civil Procedure 62(a). This is not so. Indeed, this Court previously addressed this exact issue in *Elias Bros. Restaurants, Inc. v. Acorn Enters., Inc.*, 931 F. Supp. 930 (D. Mass. 1996), when it expressly held that "it is unnecessary to resort to state law, i.e., Mass. R. Civ. P. 62(a), because there is a federal statute that controls, to wit, Fed. R. Civ. P. 62(a)." *Id.* at 938. Because the Federal Rules "have the force and effect of federal statutes," there is no reason to look to any Massachusetts Rule because "the federal, not the state rule governs in these circumstances." *Id.* Furthermore, Rule 62(f) does not entitle Defendant to the requested relief because "in Massachusetts, a judgment *plus* an attachment is necessary to create a lien within the meaning of Rule 62(f)," which is inapplicable "because the judgment in and of itself is not a lien under Massachusetts law." *Univ. of Notre Dame (USA) in Eng. v. TJAC Waterloo, LLC*, C.A. No. 16-cv-10150-ADB, 2021 U.S. Dist. LEXIS 192759, at *5–6 (D. Mass. Oct. 6, 2021) (quoting *Elias Bros.*, 931 F. Supp. at 939.

4. NuVasive acknowledges that Defendant may obtain a stay on execution "at any time after judgment is entered . . . by providing a bond or other security." Fed. R. Civ. P. 62(b).[1] In addition to Rule 62(f), Rule 62(b) is the mechanism by which judgment debtors ordinarily seek a stay of execution. *See Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002).[2]

---

[1] Ordinarily, "[i]f a party appeals a final judgment and wishes that judgment stayed pending appeal, the party must move to stay the final judgment and file a 'bond or other security' with the district court." *Almeida-Leon v. WM Capital Mgmt., Inc.*, No. 3:16-cv-01394-JAW, 2021 U.S. Dist. LEXIS 175857, at *6 n.2 (D.P.R. Sept. 15, 2021) (quoting Fed. R. Civ. P. 62(b)). Defendant has not moved for a stay as required, but NuVasive interprets the Court's July 29, 2022, Order as considering his response (D.E. 261) as the functional equivalent of a Rule 62(b) motion.

[2] At the time of *Acevedo-Garcia*, current Rule 62(b)'s provisions were codified at Rule 62(d).

Pursuant to Rule 62(b), it is incumbent upon the party seeking the stay of execution pending appeal to post a supersedeas bond. *Elias Bros.*, 931 F. Supp. at 939. To that end, this Court's Local Rules provide that:

> A bond or other security staying execution of a money judgment shall be in the amount of the judgment plus 10% of the amount to cover interest and any award of damages for delay plus $500 to cover costs, unless the court directs otherwise.

D. Mass. LR. 62.2.

5. Given that "[t]he 'nature and the amount of the bond is entrusted to the discretion of the trial court.'" *Cardiaq Valve Techs. Inc. v. Neovasc Inc.*, C.A. No. 14-cv-12405-ADB, 2016 U.S. Dist. LEXIS 167568, at *4 (D. Mass. Dec. 2, 2016) (quoting *Acevedo-Garcia*, 296 F.3d at 17). And "[g]iven that the bond requirement *is* explicitly described in both the federal and local rules, an appellant should, as a general matter, be obliged to satisfy it." *Cipes v. Mikasa, Inc.*, 404 F. Supp. 2d 367, 369 (D. Mass. 2005).

6. Here, Defendant provides no justification for departure from Local Rule 62.2's requirements. *See Cardiaq Valve Techs.*, 2016 U.S. Dist. LEXIS 167568, at *6 (citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.")). As such, Defendant

should be required to provide a bond or other security in the amount of $1,905,085.49 in order for the Court to grant his request for a stay of execution pursuant to Rule 62(b).[3]

7.     In sum, Defendant is not entitled to a stay of execution pursuant to Federal Rule of Civil Procedure 62(f), and in order to be entitled to a stay pursuant to Federal Rule of Civil Procedure 62(b), the Court should require him to provide a bond or other security totaling $1,905,085.49.

---

[3] NuVasive arrived at this figure by multiplying the $1,731,441.35 judgment by 1.1 and adding $500 as provided for in Local Rule 62.2.

Respectfully submitted,

**NUVASIVE, INC.**

By its attorneys,

**s/M. Thomas McFarland**_____
Holly M. Polglase (BBO #553271)
hpolglase@hermesnetburn.com
Michael S. Batson (BBO #648151)
mbatson@hermesnetburn.com
Michael C. Kinton (BBO #683875)
mkinton@hermesnetburn.com
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
Tel: (617) 728-0050
Fax: (617) 728-0052

Christopher W. Cardwell, Esq. (*pro hac vice*)
Mary Taylor Gallagher, Esq. (*pro hac vice*)
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff, NuVasive, Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on July 31, 2022.

**s/M. Thomas McFarland**_____
M. Thomas McFarland