# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NUVASIVE, INC.** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    No. 1:19-cv-10800-DJC |
| | ) |
| **TIMOTHY DAY** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## NUVASIVE, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO WITHDRAW DEPOSITED FUNDS

NuVasive, Inc. ("NuVasive") hereby moves the Court for an order allowing it to withdraw the funds deposited into the Court by Defendant and directing Defendant to pay interest on the amount of the money judgment that has accrued since the Court issued the Writ of Execution. Under the judgment and Writ of Execution, NuVasive is entitled to the deposited funds plus interest and requests that the Court release the funds to NuVasive as soon as possible.

## PROCEDURAL BACKGROUND

On March 28, 2022, the Court issued a Memorandum of Decision finding that Defendant was liable to NuVasive in the amount of $1,602,123.00. ECF No. 251. On April 12, 2022, the Court issued an electronic Order allowing NuVasive to recover attorneys' fees and costs in the amount of $127,214.50 and $2,103.85, respectively. ECF No. 252. On April 15, 2022, the Court entered Judgment in NuVasive's favor for the above amounts totaling $1,731,441.35. ECF No. 253. Following Defendant's failure to pay the Judgment, NuVasive moved for issuance of a writ of execution. ECF No. 260. In response, Defendant argued for a stay of execution during the pendency of his appeal. ECF No. 261. In reply, NuVasive argued that to obtain a stay, Defendant would have to post a bond or other security in accordance with Local Rule 62.2. ECF

No. 263.  The Court agreed and ordered Day to provide a bond or other security in the amount of $1,905,085.48 (the amount of judgment plus 10% and $500.00 for costs) by August 24, 2022 if he sought a stay of execution.  ECF No. 264.  Day did not provide such a bond or other security.  As a result, the Court granted NuVasive's motion and issued the Writ of Execution on August 31, 2022, which identified the amounts owed by Defendant as $1,731,441.35 for the Judgment and 1.84% interest on the Judgment from the date it was rendered.  ECF Nos. 265, 266.  Shortly thereafter, NuVasive moved for and the Court allowed the appointment of the Essex County Sheriff's Department as special process server.  ECF Nos. 267, 268.  On November 15, 2022, the Essex County Sheriff's Department executed a levy and suspend on Defendant's property in Andover, Massachusetts, providing notice to Defendant and recording the levy with the Essex County Registry of Deeds.[1]  *See* Certificate of Recording and Service, a true copy of which is attached hereto as Exhibit 1.  On December 19, 2022, following service of the Writ of Execution, Defendant's counsel deposited into this Court funds in the amount of $1,731,441.35 (*i.e.*, the amount of the Judgment without interest).  ECF No. 269.  Defendant neither sought leave of Court to make such deposit nor provided notice to NuVasive.  NuVasive now seeks to withdraw the funds that rightfully belong to it and Defendant should have sent directly to NuVasive rather than depositing them with the Court.

## **ARGUMENT**

Pursuant to this Court's Judgment and the Writ of Execution, NuVasive is entitled to $1,731,441.35 plus interest at the rate of 1.84% from the date of entry of the Judgment.  *See* ECF Nos. 253, 266; *see also* Affidavit of Gregory Jackson.  Rather than simply paying the amount of

---

[1] Although Defendant did not pay the amount of the money judgment to NuVasive and NuVasive has begun the collections process via the levy and suspend, it has not yet taken action that would or could result in forced recovery of money from Defendant (*e.g.,* forced sale of real property and/or chattels, garnishment of bank accounts, garnishment of wages).  The entirety of the money judgment remains unsatisfied.  *See* Affidavit of Gregory Jackson.

the Judgment and accrued interest directly to NuVasive, Defendant deposited $1,731,441.35 with the Court without explanation, notice or leave of Court.  As a result, NuVasive must resort to unnecessary motion practice because a party must file a motion with the Court before the Court can release deposited funds.  *See* Fed. R. Civ. P. 67(b) (citing 28 U.S.C. §§ 2041, 2042); Local Rule 67.3.  Upon this Motion establishing that Defendant has not paid the Judgment to NuVasive and, therefore, NuVasive is entitled to the deposited funds plus interest, the Court should release the funds to NuVasive and order Defendant to pay to NuVasive all interest accrued following entry of the Judgment.  *See Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 114 (1st Cir. 2007) (funds deposited under Rule 67 are held by the Court in trust for their rightful owner).  There can be no dispute that NuVasive is the rightful owner of the funds.

To the extent Defendant argues that NuVasive is not currently entitled to the deposited funds because Defendant intended to use them as security to obtain a stay of execution during the pending appeal, the Court must reject that argument.  Several months ago, the Court laid out exactly what Defendant had to do to seek a stay of execution:

> Having considered Plaintiff NuVasive's motion for writ of execution in the amount of $1,731,441.35 (judgment, attorney' fees and costs imposed by the Court) plus post-judgment interest, D. 260, and Defendant's response (which, among other things sough a stay of execution under Fed. R. Civ. P. 62(b)), D. 261, and Defendant's reply, D. 263, the Court rules as follows. If Defendant Mr. Day seeks a stay of execution of the judgment under R. 62(b), he must provide "a bond or other security." Id. Pursuant to Local Rule 62.2 (providing that a bond or other security staying execution of a money judgment "shall be in the amount of the judgment plus 10% of the amount to cover interest and any award of damages for delay plus $500 to cover costs unless the court directs otherwise") and in the exercise of the Court's discretion regarding same, the Court ORDERS that if Defendant seeks a stay of execution of the judgment, he shall provide a bond or other security in the amount of $1,905,085.48 (which is the judgment amount plus 10% and $500 for costs). Defendant shall provide such bond or other security in this amount by August 24, 2022 if he seeks a stay of execution. If he does not choose to do so by this date, then the Court will enter the writ of execution of the judgment that Plaintiff has sought, D. 260-1. To the extent that Defendant's response, D. 261 sought other relief, such relief is DENIED.

ECF No. 264.  Defendant failed to take the necessary steps to seek a stay of execution and the Court issued the Writ of Execution.  To the extent Defendant is attempting to seek a stay now, (1) he is several months late, (2) the amount of the deposited funds is less than the Court ordered and (3) Defendant did not seek, much less obtain, leave of Court to deposit the funds at a later date or lesser amount.  The Court gave Defendant the opportunity to seek a stay of execution and he did not seize it.  The deposited funds belong to NuVasive.

## **CONCLUSION**

For the foregoing reasons, NuVasive respectfully requests that the Court (1) release the $1,731,441.35 in deposited funds to NuVasive and (2) order Defendant to pay interest on that amount at the rate of 1.84% beginning on April 15, 2022, the date the Court entered its Judgment.

Respectfully submitted,

**NUVASIVE, INC.**

By its attorneys,

**s/ *Holly M. Polglase*** _____
Holly M. Polglase (BBO #553271)
hpolglase@hermesnetburn.com
Michael S. Batson (BBO #648151)
mbatson@hermesnetburn.com
Michael C. Kinton (BBO #683875)
mkinton@hermesnetburn.com
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
Tel: (617) 728-0050
Fax: (617) 728-0052

Christopher W. Cardwell, Esq. (*pro hac vice*)
Mary Taylor Gallagher, Esq. (*pro hac vice*)
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff, NuVasive, Inc.*

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on December 22, 2022.

                                                  s/***Holly M. Polglase***_____
                                                  Holly M. Polglase