UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUVASIVE, INC. ) | |
| ) | |
| Plaintiff, ) | No. 1:19-CV-10800 |
| ) | |
| vs. ) | |
| ) | |
| TIMOTHY DAY ) | |
| ) | |
| Defendant ) | |

## DEFENDANT'S RESPONSE TO NUVASIVE, INC.'S MOTION TO WITHDRAW DEPOSITED FUNDS

COMES NOW, Timothy Day ("Mr. Day" or "Defendant") and by and through undersigned counsel, hereby responds to NuVasive, Inc.'s Motion to Withdraw Deposited Funds and shows this Court as follows:

On April 15, 2022, the Court entered Judgment in favor of NuVasive, Inc. ("NuVasive") in the amount of $1,731,441.35. ECF No. 253. Pursuant to Fed. R. Civ. P. 62(b), "at any time after judgment is entered, a party may obtain a stay by providing a bond or other security." The nature and the amount of the bond or other security is entrusted to the discretion of the court. *Acevedo-Garcia v. Vera-Monroig,* 296 F. 3d 13, 17 (1st Cir. 2002) citing to *Sckolnick v. Harlow,* 820 F. 2d 13, 15 (1st Cir. 1987); L.R. 62.2. On August 3, 2022, the Court entered an electronic order permitting Defendant to post security by August 24, 2022. ECF No. 264. The Court's Order did not preclude Defendant from obtaining future relief from execution.

1

The purpose of Fed. R. Civ. P. 62 is to protect the interests of judgment creditors during a stay from execution pending outcome of an appeal. *J. Perez & Cia., Inc. v. United States,* 578 F. Supp. 1318, 1320 (D. P.R 1984). Here, given the posted security, NuVasive's interests are not at risk while the parties await a decision on the appeal. NuVasive's contention that the money "rightfully belong[s]" is a thinly veiled attempt to challenge the adequacy of security without the requisite showing that their ability to collect the judgment has been impaired. However, even where a bond is untimely posted, the purpose of a bond is to guarantee that the judgment creditor will be able to collect their judgment if affirmed on appeal. *Sheldon v. Munford, Inc.,* 128 F.R.D. 663, 666 (N. D. Ind. L.R. 1989). "Regardless of when the bond is posted…[a] bond is the only security" that NuVasive is entitled to. *Id.* Thus, NuVasive's attempt to levy funds clearly intended as a supersedeas bond must be denied.

Dated:  January 5, 2023.

Respectfully submitted,

TIMOTHY DAY
*By his attorneys,*

/s/ Steven D. Weatherhead
Steven D. Weatherhead, BBO # 637601
Barrow Weatherhead Lent LLP
100 High Street, Suite 2601
Boston, Massachusetts 02110
(617) 830-5458
sweatherhead@marbarlaw.com

/s/ *Bryan E. Busch*
Bryan E. Busch, *Admitted Pro Hac Vice*
Busch Mills & Slomka, LLP
3000 Heritage Walk, Suite 304
Milton, GA 30004
Phone: 404-800-4062
bb@buschmills.com

## **CERTIFICATE OF SERVICE**

      Pursuant to 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as nonregistered participants, if any, on January 5, 2023.

                                          */s/ Bryan E. Busch*
                                             Bryan E. Busch, Esq.