UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUVASIVE, INC. )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY DAY )<br>)<br>  Defendant. )<br>_____ ) | No. 1:19-cv-10800-DJC<br><br>LEAVE TO FILE GRANTED:<br>January 9, 2023 |

**NUVASIVE, INC.'S REPLY TO DEFENDANT'S RESPONSE TO ITS
MOTION TO WITHDRAW DEPOSITED FUNDS**

By and through its counsel of record, and pursuant to leave of Court granted January 9, 2023 (Doc. 275), NuVasive, Inc., files this Reply in support of its Motion to Withdraw Deposited Funds (Docs. 270, 271), and states that:

Without citing any relevant legal authority, Defendant's Response (Doc. 273) asks the Court to stop NuVasive's efforts to collect its judgment against Defendant even though Defendant failed to provide sufficient security. Of course, there is no merit to Defendant's request. The Court's August 3, 2022, Order required Defendant to post a bond or other security in the amount of $1,905,085.48 by August 24, 2022, to stay execution of the judgment. Rather than doing so, Defendant paid $1,731,441.35 to the Court on December 19, 2022, and claims that act should cause the Court to delay NuVasive's collection attempts. (Doc. 273, p. 2). Even if Defendant's contention that it may post security after the Court's deadline for doing so is correct,[1] no legal authority supports his attempt to stay collection attempts by posting a bond less than what was ordered by the Court. Indeed, page 1 of Defendant's Response acknowledges that "[T]he nature

---

[1] (*See* Def. Resp., Doc. 273, at pp. 1–2).

893336.1/020190350

and the amount of the bond or other security is entrusted to the discretion of the court." *Acevedo-Garcia v. Vera-Monroig,* 296 F. 3d 13, 17 (1st Cir. 2002).

In sum, the Court ordered Defendant to post a bond or other security in the amount of $1,905,085.48 to stay collection efforts by August 24, 2022.  (Doc. 264).  The Court further held that if Defendant, "does not choose to do so by this date, then the Court will enter the writ of execution of the judgment" NuVasive sought.  (Id.)  Rather than comply with this Order, Defendant paid $1,731,441.35 into Court one hundred seventeen (117) days after the Court-imposed deadline.  As this amount does not sufficiently protect NuVasive, the Court should reject Defendant's contention that the money constitutes security for the judgment, disburse the money to NuVasive, and allow NuVasive to continue its efforts to collect its judgment.

Respectfully submitted,

**NUVASIVE, INC.**

By its attorneys,

*s/M. Thomas McFarland*
Holly M. Polglase (BBO #553271)
hpolglase@hermesnetburn.com
Michael S. Batson (BBO #648151)
mbatson@hermesnetburn.com
Michael C. Kinton (BBO #683875)
mkinton@hermesnetburn.com
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
Tel: (617) 728-0050
Fax: (617) 728-0052

Christopher W. Cardwell, Esq. (*pro hac vice*)
Mary Taylor Gallagher, Esq. (*pro hac vice*)
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff, NuVasive, Inc.*

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on January 9, 2023.

                                *s/M. Thomas McFarland*